UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WADE ADAMS<br>          Plaintiff, | '<br>'<br>' |
| V. | '          C. A. No. _____<br>' |
| ILLINOIS CENTRAL RAILROAD COMPANY<br>          Defendant. | '<br>'<br>' |

**COMPLAINT FOR DAMAGES**

Now into Court through undersigned counsel, comes Plaintiff WADE ADAMS, a person of full age and majority, and resident of St. Tammany Parish, Louisiana, who respectfully represents as follows:

I.

Mr. Adams's claims against Illinois Central Railroad Company ("Illinois Central") arise under the provisions of the Federal Employers' Liability Act (FELA), 45 U.S.C., § 51, *et seq*. to recover damages for personal injuries sustained by Mr. Adams while employed by Illinois Central.

II.

This Court has jurisdiction pursuant to 28 U.S.C. § 1331.

III.

Venue is proper pursuant to 28 USC Section 1391(c), as Defendant Illinois Central is a foreign corporation that has regular and systematic contacts in the Parishes situated in the Eastern District of Louisiana.

IV.

At all times mentioned in this Complaint, Illinois Central was a common carrier by railroad owning, operating, and maintaining in interstate commerce, a railway system, and Mr. Adams was employed by Illinois Central to further those activities.

V.

This lawsuit is brought to recover the damages Mr. Adams sustained on or about December 7, 2021 at approximately 10:00 p.m. when unexpectedly and without warning he was struck by a rail car. As a result of Illinois Central's negligence (acting through its agents and/or employees, Mr. Adams sustained serious injuries to his shoulder and body generally.

VI.

Mr. Adams avers that at the time of his injuries, he was an able-bodied railroad worker and that as a direct cause of Illinois Central's negligence under the FELA, 45 U.S.C. § 51, *et seq.* Mr. Adams sustained severe and debilitating injuries to his shoulder and body generally.

Mr. Adams further avers that Illinois Central, through its employees, agents, and servants was negligent in failing to provide him with a reasonably safe place to work in violation of the provisions of the FELA, 45 U.S.C. § 51, *et seq*. Illinois Central's negligence includes but is not limited to the following acts:

- a) In that Illinois Central failed to provide Mr. Adams with a reasonably safe place to work;
- b) In that Illinois Central failed to provide safe working conditions and proper equipment where Mr. Adams was performing his duties in the manner required by Illinois Central;

c)   In that Illinois Central failed to warn Mr. Adams of unsafe workplace conditions of which it knew, or in the exercise of reasonable care, should have known;

d)   In that Illinois Central, in violation of its non-delegable duty, failed to provide Mr. Adams with safe equipment upon which to work;

e)   In that Illinois Central failed to exercise due care and caution commensurate with the surrounding circumstances; and

f)   Other acts and omissions of negligence, which will be fully enumerated at the trial of this matter, and which caused in whole or in part the aforementioned injuries.

VII.

As a result of the aforementioned negligent acts and omissions of Defendant, Mr. Adams sustained severe and permanent injuries to his shoulder and body generally.

Mr. Adams's injuries have resulted in:

a)   Past and future physical pain and suffering;

b)   Past and future mental anguish;

c)   Past lost wages;

d)   Future lost wages and wage-earning capacity; and

e)   Past and future medical expenses.

Mr. Adams has been damaged in a sum far in excess of the minimum jurisdictional limits of this Court.

VIII.

Mr. Adams requests a trial by jury.

WHEREFORE, PREMISES CONSIDERED, Mr. Adams prays that he has judgment against Defendant Illinois Central Railroad Company in a total sum in excess of the minimum

jurisdictional limits of this Court, plus post-judgment interest, all costs of Court, and for such other and further relief, both legal and equitable, to which he may show himself justly entitled.

                              Respectfully submitted,

                              /s/ Charles C. Bourque, Jr.
                              ST. MARTIN & BOURQUE, LLC
                              CHARLES C. BOURQUE, JR. (#20118)
                              cbourque@stmblaw.com
                              JOSEPH G. JEVIC, III (#23145)
                              jjevic@stmblaw.com
                              315 Barrow Street
                              Houma, Louisiana 70360
                              TELEPHONE: (985) 876-3891
                              FACSIMILE: (985) 851-2219

OF COUNSEL
PRO HAC VICE ADMISSION PENDING
DOYLE DENNIS LLP
MICHAEL PATRICK DOYLE
Texas State Bar No. 06095650
The Clocktower Building
3401 Allen Parkway, Suite 100
Houston, Texas 77019
Phone: (713) 571-1146
Fax: (713) 571-1148
service@doylelawfirm.com

**ATTORNEYS FOR PLAINTIFF
WADE ADAMS**